**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

                                  Case No.: 14-37286-JKO

RON DAVIDSON                      Chapter 11

       Debtor.

_____/

## CHAPTER 11 PLAN OF REORGANIZATION FOR RON DAVIDSON

February 12, 2016

COMES NOW, the Debtor-In-Possession, Ron Davidson by and through undersigned counsel, and propose this Chapter 11 Plan of Reorganization in accordance with the provisions of 11 U.S.C. §1123 of the United States Bankruptcy Code.

Van Horn Law Group, P.A.
330 N. Andrews Ave., Suite 450
Fort Lauderdale, Florida 33301
(954) 765-3166
(954) 756-7103 (facsimile)

By: */s/ Chad T. Van Horn, Esq.*
Chad T. Van Horn, Esq.
Florida Bar No. 64500
Email: Chad@cvhlawgroup.com

# TABLE OF CONTENTS

ARTICLE I ................................................................................................................................ 4
ARTICLE II .............................................................................................................................. 7
    2.01    Unclassified Claims ...................................................................................... 7
            a.    Allowed Administrative Claims ................................................. 7
    2.02    Classes of Secured Claims ............................................................................ 9
    2.03    Classes of Unsecured Priority Claims ......................................................... 10
    2.04    General Unsecured Claims .......................................................................... 10
ARTICLE III ........................................................................................................................... 11
    3.01    Method of Distribution Under the Plan ...................................................... 11
    3.02    No Distribution Pending Allowance ........................................................... 12
    3.03    Disallowed Claims ...................................................................................... 12
    3.04    Disbursing Agent ........................................................................................ 12
    3.05    No Recourse ................................................................................................ 12
    3.06    Amendments to Claims ............................................................................... 13
    3.07    Post-petition Interest on Claims ................................................................. 13
    3.08    Unclaimed Funds ........................................................................................ 13
ARTICLE IV ........................................................................................................................... 13
    4.01    Assumption or Rejection of Executory Contracts and Unexpired Leases ............... 13
ARTICLE V ............................................................................................................................. 14
    5.01    General ........................................................................................................ 14
    5.02    The Reorganized Debtor ............................................................................. 14
    5.03    Funding ....................................................................................................... 14
    5.04    Approval of Agreements ............................................................................. 15
    5.05    No Change of Control .................................................................................. 15
    5.06    Administration After the Effective Date ..................................................... 15
    5.07    Term of Bankruptcy Injunction or Stays .................................................... 15
    5.08    Revesting of Assets ..................................................................................... 15
    5.09    Discharge of Debtor .................................................................................... 15
    5.11    Injunction Related to Discharge .................................................................. 16
    5.12    Injunction Against Interference with the Plan ............................................ 16
    5.13    Votes Solicited in Good Faith ..................................................................... 16
    5.14    Payments Within 90 Days of Filing ............................................................ 17
    5.15    Notices ........................................................................................................ 17
    5.16    Reservation of Rights .................................................................................. 17
ARTICLE VI ........................................................................................................................... 18
    6.01    Conditions Precedent to Confirmation ........................................................ 18
    6.02    Effect of Failure ......................................................................................... 18
    6.03    Waiver of Conditions .................................................................................. 19
ARTICLE VII .......................................................................................................................... 19
ARTICLE VIII ......................................................................................................................... 20
    8.01    Tax Implications of the Plan. ...................................................................... 20
    8.02    Effectuating Documents and Further Transactions. .................................... 20
    8.03    Post-Effective Date Fees and Expenses ...................................................... 20
    8.04    Amendment or Modification of Plan .......................................................... 21
    8.05    Severability ................................................................................................. 21

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

8.06    Filing of Additional Documents ............................................................ 21
8.07    No Admissions ...................................................................................... 21
8.08    Inconsistency......................................................................................... 22
8.09    No Interest or Attorneys' Fees ............................................................. 22
8.10    Successors and Assigns......................................................................... 22
8.11    Savings Clause ...................................................................................... 22
8.12    Remedy of Defects................................................................................ 22
ARTICLE IX ................................................................................................... 23

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

# ARTICLE I

*Definitions*

For the purpose of this Plan of Reorganization, the following terms shall have the respective meanings set forth below and such meanings shall be equally applicable to the singular and plural forms of the terms defined unless the context requires otherwise.

**"Administrative Expense"** shall mean any cost or expense of administration of this Estate allowed by the Court pursuant to Section 503(b) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the Estate and any actual and necessary expenses of operating the business of the Debtor.

**"Allowed Amount"** shall mean with respect to a Claim, (a) the amount of a Claim that was listed in the Debtor's Schedules (as originally filed in this Case) as not disputed, contingent or unliquidated, if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, or (b) if a holder of a Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to 3003(c)(3) of the Rules: (i) the amount stated in such proof of claim or in the Schedules if no objection to such proof of claim or amount listed in the Schedules has been interposed within the applicable period of limitation fixed by the Code or Rules, or as otherwise fixed by the Court, or (ii) such amount as shall be fixed by an order of the Court which has become a Final Order, if an objection has been interposed within the applicable period of limitation fixed by the Code, the Rules, or the Court, or (c) with respect to a Fee Request, such amount as shall be fixed by an order of the Court which has become a Final Order. In no event shall the Allowed Amount of any Priority Claim or Unsecured Claim include interest accrued on such Claim after the Filing Date.

**"Allowed Claims"** shall mean a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), and which is not listed as disputed, contingent or unliquidated as to amount, and in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3003, or by order of the court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending. Allowed claim shall not include interest on the principal amount of such claim subsequent to the Petition Date, except as may be otherwise provided herein.

**"Allowed Secured Claim"** means an Allowed Claim secured by the Property in an amount equal to the lesser of the Allowed Claim of that creditor or the value of the Property, as determined by the Court pursuant to 11 U.S.C. § 506, minus the amount of any Allowed Claim secured by a senior lien against the same Property, unless the holder of the claim elects pursuant to § 1111(b) in which event the Allowed Secured Claim shall be equal to the Allowed Claim.

**"Article"** shall mean one of the numbered Articles of the Plan.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**"Ballot"** shall mean the ballot accompanying the Disclosure Statement upon which holders of Claims and Equity Interests in each Impaired Class of Claims and Equity Interests that are entitled to vote on the Plan shall indicate their acceptance or rejection of the Plan and, if applicable, such other elections as may be made thereon are to be indicated.

**"Ballot Deadline"** shall mean the last day established by order of the Court for filing a Ballot with the Clerk of the Court.

**"Bankruptcy Code"** means Title I of the Bankruptcy Reform Act of 1978, as Amended, 11 U.S.C. Section 101, et seq.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Southern District of Florida having jurisdiction over the Chapter 11 Case.

**"Business Day"** shall mean a day other than a Saturday, a Sunday, or a day on which commercial banks in Fort Lauderdale, Florida are authorized or required to close.

**"Case"** shall mean the Chapter 11 Case No. 14-37286-JKO, pending before the United States Bankruptcy Court for the Southern District of Florida, in which Ron Davisdon is the Debtor.

**"Chapter 11"** means Chapter 11 of the Bankruptcy Code.

**"Claim"** shall have the meaning as set forth in 11 U.S.C., §101 and include any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**"Class"** shall mean a group of Claims or Equity Interests classified together pursuant to Article II of the Plan.

**"Confirmation Date"** shall mean the date upon which the Order confirming the Plan is entered by the Court in accordance with the provisions of Chapter 11 of the Code.

**"Court"** shall mean the United States Bankruptcy Court for the Southern District of Florida, in which the Debtor's Chapter 11 case, pursuant to which this Plan is proposed, is pending, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

**"Creditor"** shall mean the holder of an allowed Claim.

**"Debtor"** shall mean Ron Davidson.

**"Effective Date"** shall be the thirtieth (30th) day following the date upon which the Order is entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**"Final Order"** shall mean an order or a judgment of the Court which has not been stayed and as to which order or judgment (or any revisions, modification or amendment thereof) the time to appeal or seek review or rehearing has expired.

**"Person"** or **"Persons"** shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, or a government or any agency or political subdivision thereof or other entity.

**"Petition Date"** shall mean December 15, 2014, the date on which the Debtor filed voluntary Chapter 11 Petition with the Court.

**"Plan"** shall mean this Chapter 11 Plan of Reorganization in its present form or as may hereafter be amended, modified or supplemented in accordance with the terms hereof or in accordance with the Code.

**"Pro Rata"** shall mean proportionately, so that the ratio of the amount of consideration distributed to an account of a particular Allowed Claim or Equity Interest to the Allowed Amount of such Claim or Equity Interest is the same as the ratio of the amount of consideration distributed on account of all Allowed Claims or Allowed Equity Interests of the Class in which the particular Claim or Equity Interest is included to the amount of all Allowed Claims or Equity Interests of that Class, unless otherwise defined in the Plan. Whenever a Disputed Unsecured Claim or Disputed Equity Interest has not been finally resolved, an appropriate reserve for payment of such Disputed Unsecured Claim or Disputed Equity Interest shall be established so that there will be sufficient consideration available to make a Pro Rata distribution to the holder of such Disputed Unsecured Claim or Disputed Equity Interest upon final resolution of the dispute.

**"Professional Person"** mean attorneys, accountants, appraisers or other professionals within the meaning of Section 327 of the Bankruptcy Code, employed with the approval of the Bankruptcy Court.

**"Reorganized Debtor"** shall mean Ron Davidson.

**"Rules"** shall mean the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules as adopted by the Court.

**"Secured Claim"** means any Claim that is secured pursuant to Section 506 of the Bankruptcy Code.

**"Secured Creditor"** means any Creditor that holds a Secured Claim.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

# ARTICLE II

*Classification and Treatment of Claims*

**2.01    Unclassified Claims**

### a.    Allowed Administrative Claims

Administrative expenses are costs or expenses of administering the Chapter 11 case which are allowed under 11 U.S.C. §507(a)(2). Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition, if any. All entities seeking an award by the Court of Professional Fees and Expenses shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date pursuant to section 330 if the Code and Rule 2016 by the date that is ten (10) days after the Effective Date or such other date as may be fixed by the Court.

Each holder of an Allowed Administrative Claim shall receive, in full satisfaction, settlement, release and discharge of such Allowed Administrative Claim, either (A) an amount equal to the unpaid amount of such Allowed Administrative Claim in cash commencing on the later of (i) the Effective Date, (ii) the date that such Claim becomes an Allowed Administrative Claim by a Final Order, or (iii) a date agreed to by the Claimholder and the Debtor; or (B) such other treatment (i) as may be agreed upon in writing by the Claimholder and the Debtor, or (ii) as the Bankruptcy Court has ordered or may order. Notwithstanding the foregoing, Allowed Administrative Claims representing (a) liabilities, accounts payable, or other Claims or obligations incurred in the ordinary course of business of the Debtor consistent with past practices subsequent to the Petition Date, shall be paid or performed by the Debtor in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements or contracts relating thereto; provided, notwithstanding any contract provision, applicable law or otherwise, that entitled a holder of an Allowed Administrative Claim to post-petition interest, no holder of an Allowed Administrative Claim shall receive post-petition interest, on account of such Claim.

### b.    Priority Tax Claims

Each holder of an Allowed Priority Tax Claim shall receive, at the sole discretion of the Debtor, and in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Tax Claim, (A) an amount equal to the unpaid amount of such Allowed Priority Tax Claim in cash commencing on the later of (i) the Effective Date, (ii) the date that such Claim becomes an Allowed Priority Tax Claim by a Final Order, or (iii) a date agreed to by the Claimholder and the Debtor; (B) as provided in section 1129(a)(9)(C) of the Bankruptcy Code, cash payments made in equal monthly installments beginning on the Effective Date, with the final installment payable not later than the sixtieth (60th) month following the Petition Date, together with interest (payable in arrears) on the unpaid portion thereof at 18% from the Effective Date through the date of payment thereof; or (C) such other treatment as to which the Debtor and such Claimholder shall have agreed in writing or the Bankruptcy Court has ordered

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

or may order; provided, however, that the Debtor reserves the right to pay any Allowed Priority Tax Claim, or any remaining balance of any Allowed Priority Tax Claim, in full at any time on or after the Effective Date without premium or penalty; and, provided further, that no holder of an Allowed Priority Tax Claim shall be entitled to any payments on account of any pre-Effective Date interest accrued on or penalty arising before or after the Petition Date with respect to or in connection with such Allowed Priority Tax Claim.

### c. United States Trustee Fees

The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) within ten days of the entry of the confirmation order for pre-confirmation periods and simultaneously file with the Court the monthly operating reports for all pre-confirmation periods. Furthermore, Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods and simultaneously file with the Court quarterly post-confirmation reports until the earlier of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

The following chart lists the Debtor's estimated Administrative expenses and their proposed treatment under the Plan:

| TYPE | ESTIMATED AMOUNT OWED | PROPOSED TREATMENT |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | Unknown | Paid in 60 equal monthly payments, with the first payment due 30 days after the Effective Date of the Plan. The Debtors have been paying post-petition expenses in the normal course, and do not believe that any amounts are due and owing. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | $0.00 | N/A |
| Professional Fees, as approved by the Court | Est. $15,000.00 | Paid in full on the Effective Date of the Plan, or according to a separate agreement, or according to Court order if such fees have not been approved by the Court on the Effective Date of the Plan. |
| Clerk's Office Fees | $0.00 | N/A |
| Other Administrative Expenses | Est. $0.00 | Paid in full on the Effective Date of the Plan, or according to a separate agreement, or according to Court order if such expenses have not been approved by the Court on the Effective Date of the Plan. |
| U.S. Trustee Fees | Est. $650.00 | Paid in full the Effective Date of the Plan. |
| **TOTAL** | **Est. $15,650.00** | |

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**2.02    Classes of Secured Claims**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under 11 U.S.C. §506. If the value of the collateral or setoffs securing the creditor's claims is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 – Secured Claim of Nationstar Mortgage, LLC [Claim #9-2]**<br><br>**Homestead Property Located at: 3029 NE 188th St. #502, Aventura, FL 33180**<br><br>**Secured Claim amount: $251,375.00**<br><br>**Interest Rate: 4.02%**<br><br>**Maturity Date: 480 payments**<br><br>**Payment Amt: $1,053.72 (Principal and Interest)** | **Impaired** | Class 1, the Secured Claim of Nationstar Mortgage, LLC is Impaired by the Plan. Class 1 claims are secured by Debtor's investment real property located at: 3029 NE 188th St. #502, Aventura, FL 33180 and have been determined by the Order Granting Debtor's Motion to Value entered at Docket Entry 47.<br><br>Debtor shall pay $251,375.00 fully amortized over 480 months, with no balloon payment, bearing 4.02% interest, resulting in a monthly principal and interest payment of $1,053.72.<br><br>Debtor shall provide a cure for post-petition advances, if any. In addition, post-confirmation, Debtor shall escrow amounts required for the maintenance of real estate taxes and insurance premiums, or at the election of creditor, Debtor shall be required to remit payment directly for real estate taxes and insurance premiums.<br><br>Payments will be made at the regular address or such other address as required by Nationstar Mortgage, LLC, upon notice to the Debtor.<br><br>Nationstar Mortgage, LLC shall have an unsecured deficiency claim in the amount of $83,642.57 which will be included in the General Unsecured Class. |

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**2.03 Classes of Unsecured Priority Claims**

Certain priority claims that are referred to in 11 U.S.C. §§507(a)(1), (4), (5), (6) and (7) are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the Effective Date of the Plan equal to the Allowed amount of such claim.

The following chart lists all classes containing Debtor's priority unsecured claims and their proposed treatment under the Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| **Class 2 - Other Priority Claims** | **N/A** | Other than set forth above, no other priority claims have been filed, or scheduled by the Debtor and the Debtor does not believe that any other priority claims exist. However, in the event that it is determined by the Court that any additional priority claims exist, then each holder of a Class 4 Priority Claim will be paid in full, over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of the Plan, and continue on the first day of every quarter. |

**2.04    Special Unsecured Business Claims**

General unsecured claims are not secured by property of the estate and are not entitled to priority under 11 U.S.C. §507(a). The following chart identifies the Plan's proposed treatment of Class 7, which contains general unsecured claims against the Debtor.

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| **Class 3 – Special Unsecured Business Creditors**<br><br>Total Claims Amount: $4,531,681.42<br><br>Plan Payment Term: 5 years<br><br>Total Plan Payments: $15,000.00<br><br>Quarterly Plan Payment Amount: $ 750.00 | **Impaired** | Class 3 consists of the unsecured business claim of CAG Financial Services, LLC. The Class 3 Creditor shall share pro rata in a total distribution of $15,000.00 (the "Plan Payments"), which shall be paid over 5 years from the first day of the month following the Effective Date, in 20 quarterly payments totaling $750.00 per payment, with the first payment due on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every quarter.<br><br>Notwithstanding the above, any allowed unsecured general claimant to receive a total distribution of $250.00 or less shall be paid in a lump sum on the Effective Date. |

-10-

**2.05    General Unsecured Claims**

General unsecured claims are not secured by property of the estate and are not entitled to priority under 11 U.S.C. §507(a). The following chart identifies the Plan's proposed treatment of Class 7, which contains general unsecured claims against the Debtor.

| Class | Impairment | Treatment |
|---|---|---|
| **Class 4 – General Unsecured Creditors**<br><br>Total Claims Amount: $4,531,681.42<br><br>Plan Payment Term: 5 years<br><br>Total Plan Payments: $10,000.00<br><br>Quarterly Plan Payment Amount: $500.00 | **Impaired** | Class 4 consists of all allowed unsecured general claims and allowed undersecured claims. The Class 4 Creditors shall share pro rata in a total distribution of $10,000.00 (the "Plan Payments"), which shall be paid over 5 years from the first day of the month following the Effective Date, in 20 quarterly payments totaling $500.00 per payment, with the first payment due on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every quarter.<br><br>Notwithstanding the above, any allowed unsecured general claimant to receive a total distribution of $250.00 or less shall be paid in a lump sum on the Effective Date. |

Based upon the distribution amount of $10,000.00, allowed unsecured claimants will receive a distribution of approximately 0.77%. This distribution is higher than what allowed general unsecured claimants would receive in a hypothetical Chapter 7, in which case the Debtor estimates that such claimants would receive a distribution of 0.00%.

**NOTICE TO CLASS 4 --- GENERAL UNSECURED CREDITORS: Pursuant to 11 U.S.C. §1129(a)(15), unsecured creditors have a right to object to plan confirmation. If you object to confirmation of the Plan, the value of the property to be distributed under the Plan shall not be less than the projected disposable income of the Debtors as defined in 11 U.S.C. §1325(b)(2) to be received during the 5-year period beginning on the date that the first payment is due under the Plan (or during the period for which the Plan provides payments, whichever is longer).**

## ARTICLE III

**3.01    Method of Distribution Under the Plan**

(a) Subject to Rule 9010, and except as otherwise provided in the Plan, all distributions under the Plan shall be made by the Reorganized Debtor to the holder of each Allowed Claim at the address of such holder as listed on the Schedules and/or Proof of Claim as of the distribution

record date unless the Debtor or Reorganized Debtor has been notified in writing of a change of address, including by the filing of a proof of Claim by such holder that provides an address different from the address reflected on the Schedules.

(b)  Any payment of Cash made by the Reorganized Debtor pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer.

(c)  Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

(d)  Any distributions of Cash or other property pursuant to the Plan that is unclaimed for a period of 90 days after the distribution date shall constitute Unclaimed Funds and any entitlement of any holder of any Claim to such distributions shall be extinguished and forever barred.

(e)  Unless otherwise provided herein, all initial distributions and deliveries to be made on the Effective Date shall be made on the initial distribution date. Subsequent distributions shall be made in accordance with the terms set forth in the Plan.

## 3.02    No Distribution Pending Allowance

Notwithstanding any other provision of the Plan, if any portion of a Claim is disputed, the full amount of such Claim shall be treated as a Disputed Claim for purposes of this Plan, and no payment or distribution provided under the Plan shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim or Allowed Equity Interest (in whole or in part).

## 3.03    Disallowed Claims

All Claims held by Persons against whom the Debtor or Reorganized Debtor has commenced an Action under sections 542, 543, 544, 545, 547, 548, 549, and/or 550 of the Code, shall be deemed "disallowed" Claims pursuant to section 502(d) of the Code and holders of such Claims shall not be entitled to vote to accept or reject the Plan. Claims that are deemed disallowed shall continue to be disallowed for all purposes until the Avoidance Action against such party has been settled or resolved by Final Order and any sums due to the Estates from such party have been paid.

## 3.04    Disbursing Agent

The Reorganized Debtor, or such Person(s) as the Reorganized Debtor may designate with approval of the Court, will act as disbursing agent under the Plan with respect to all Distributions to holders of Claims and Equity Interests, and will make all distributions required to be distributed under the applicable provisions of the Plan.

## 3.05    No Recourse

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

Notwithstanding that the Allowed Amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Code and Rules or is Allowed in an amount for which after application of the payment priorities established by the Plan there is insufficient value to provide a recovery equal to that received by other holders of Allowed Claims in the respective Class, no Claim holder shall have recourse against the Disbursing Agents, the Debtor, the Reorganized Debtor, or any of their respective professionals, consultants, or affiliates or his respective successors or assigns, or any of his respective property. However, nothing in the Plan shall modify any right of a holder of a Claim under section 502(j) of the Code. **THE ESTIMATION OF CLAIMS AND ESTABLISHMENT OF RESERVES UNDER THE PLAN MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS**.

**3.06    Amendments to Claims**

A Claim may be amended prior to the Confirmation Date only as agreed upon by the Debtor and the holder of such Claim, or as otherwise permitted by the Court, the Rules or applicable law. After the Confirmation Date, a Claim may not be amended without the authorization of the Court. Any amendment to a Claim filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Debtor, the Reorganized Debtor or the Estate, unless the Claim holder has obtained prior Court authorization for the filing of such amendment.

**3.07    Post-petition Interest on Claims**

Unless expressly provided in the Plan, the Confirmation Order, or any contract, instrument, release, settlement, or other agreement entered into in connection with the Plan or required by applicable law, post-petition interest shall not accrue on or after the Petition Date on account of any Claim.

**3.08    Unclaimed Funds**

Upon return of any plan distribution, Debtor shall issue letter correspondence to the last known address indicated on Debtor's schedules or applicable proof of claim. Debtor's correspondence shall include a check for the applicable Plan Payment and provide all necessary case information to enable Creditor's determination of the applicability of Debtor's plan payment. Any payments made pursuant to Plan that are unclaimed for a period of six (6) months shall be forfeited by the holder and will be re-deposited in the Disbursing Agent's account in accordance with 11 U.S.C. §347(b).

## ARTICLE IV

*Executory Contracts and Unexpired Leases*

**4.01    Assumption or Rejection of Executory Contracts and Unexpired Leases**

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

The Plan provides that all executory contracts and unexpired leases to which the Debtor is a party will be assumed To the extent that any executory contract is not assumed, any claims arising thereunder will be deemed unsecured claims pursuant to Class 3, for purposes of treatment and distribution under the Plan. The deadline for filing a proof of claim based on a claim arising from the rejection of a lease or contract will be set by the Court at the Confirmation Hearing. Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.

**<u>NOTICE TO PARTIES OF ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO WHICH THE DEBTOR IS A PARTY:</u> The Plan provides that all executory contracts and unexpired leases to which the Debtor is a party will be assumed. To the extent that any executory contract is not assumed and assigned, any claims arising thereunder will be deemed unsecured claims pursuant to Class 3, for purposes of treatment and distribution under the Plan.**

**ARTICLE V**

*Provisions for Execution and Implementation of the Plan*

**5.01    General**

Upon confirmation of the Plan, and in accordance with the confirmation order, the Debtor or Reorganized Debtor, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

**5.02    The Reorganized Debtor**

Except as otherwise provided in the Plan and the Confirmation Order, on the Effective Date, Reorganized Debtor shall be vested with all of the property of the Estate free and clear of all Claims, liens, encumbrances, charges, and other interests, including but not limited to that of holders of Claims and holders of Equity Interests. The Reorganized Debtor shall assume all of the Debtor's rights, obligations and liabilities under the Plan.

**5.03    Funding**

The funds to make the initial payments will come from the Debtor in Possession's Bank account which as of December, 2015 contains $48,153.51.  Funds to be used to make cash payments pursuant to the Plan shall derive from Debtor's income derived from his employment with Trust USA Home Health.

To the extent that the Debtor wishes to prepay any amounts due under the Plan from exempt assets or other third party sources, the Debtor reserves the right to do so without penalty and to seek the entry of a final decree closing this case. The Debtor, as reorganized, will retain

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

and will be revested in all property of the Estate, excepting property which is to be sold or otherwise disposed of as provided herein, executory contracts which are rejected pursuant to the Plan and property transferred to Creditors of the Debtor pursuant to the expressed terms hereof. The retained property shall be used by the Debtor in the ordinary course of his personal affairs.

**5.04    Approval of Agreements**

Entry of the Confirmation Order shall constitute approval of the Plan Documents and all such transactions, subject to the occurrence of the Effective Date.

**5.05    No Change of Control**

Any acceleration, vesting or similar change of control rights of any Person or Entity in an arrangement with the Debtor that could otherwise be triggered by the entry of the Confirmation Order or the consummation of the Plan or any of the transactions contemplated thereby shall be deemed to be waived and of no force or effect.

**5.06    Administration After the Effective Date**

After the Effective Date, the Reorganized Debtor may use, acquire, and dispose of his property, free of any restrictions of the Code and Rules.

**5.07    Term of Bankruptcy Injunction or Stays**

All injunctions or stays provided for in the Case under sections 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**5.08    Revesting of Assets**

Except as otherwise provided in the Plan, pursuant to section 1141 of the Code, the property of the Estate of the Debtor, shall revest in the Reorganized Debtor on the Effective Date, free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or the Confirmation Order.

**5.09    Discharge of Debtor**

Debtor shall receive a discharge upon completion of all payments under the Plan or upon satisfaction of §1141(d)(5)(B), the Reorganized Debtor will be discharged, pursuant to section 1141(d)(1) of the Bankruptcy Code, from all Claims and debts that arose before the Effective Date of this Plan and from any liability of any kind whether or not: (a) a proof of Claim is filed or deemed to be filed under Section 501 of the Bankruptcy Code; (b) such Claim is allowed under section 502 of the Bankruptcy Code; or (c) the holder of such Claim has accepted the Plan, **PURSUANT TO 11 U.S.C. §1141(D)(5), DEBTOR WILL NOT RECEIVE A DISCHARGE UNTIL COMPLETION OF ALL PAYMENTS UNDER THE PLAN.**

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

On the Effective Date, all persons who have held, hold or may hold Claims against the Debtor, will be enjoined from taking any of the following actions or affecting the Reorganized Debtor, the Debtor's Estate, the assets or properties of the Reorganized Debtor, other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Reorganized Debtor; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree or order against the Reorganized Debtor or the Debtor's Estate or the assets or properties of the Reorganized Debtor or the Debtor's Estate; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Reorganized Debtor or the Debtor's Estate or any direct or indirect successor-in-interest to the Reorganized Debtor, or any assets or properties of any such transferee or successor other than as contemplated by the Plan; (iv) asserting any set off, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Reorganized Debtor or the Debtor's Estate or the assets or property of the Reorganized Debtor, or any direct or indirect transferee of any assets or property of, successor-in-interest to, the Reorganized Debtor; and (v) proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan.

**5.11    Injunction Related to Discharge**

Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtor, or Equity Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor, on account of any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest. Such injunctions shall extend to successors of the Debtor (including, without limitation, the Reorganized Debtor) and his respective properties and interests in property.

**5.12    Injunction Against Interference with the Plan**

No entity may commence or continue any action or proceeding, or perform any act whatsoever to interfere with the implementation and consummation of this Plan and the payments to be made hereunder, as long as said payments are made pursuant to the terms of the Plan. The Court retains jurisdiction to impose sanctions for any such interference, including but not limited to compensatory damages, attorney's fees and costs and, if appropriate, punitive damage.

**5.13    Votes Solicited in Good Faith**

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

The Debtor has, and upon confirmation of the Plan shall be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and on account of such solicitation will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

**5.14    Payments Within 90 Days of Filing**

All payments made within ninety (90) days prior to the Petition Date were made in the ordinary course. Therefore, it is not in the best interests of the creditors to pursue litigation relating to the transfers.

**5.15    Notices**

Any notice described in or required by the terms of this Plan or the Code and Rules shall be deemed to have been properly given when actually received or if mailed, five days after the day of mailing, if such shall have been sent by certified mail, return receipt requested, and if sent to:

The Reorganized Debtor addressed to:

> **Ron Davidson**
> 8358 W. Oakland Park Blvd., Ste. 100
> Sunrise, FL 33351

With copies to:

> **VAN HORN LAW GROUP, P.A.**
> Attention: Chad T. Van Horn, Esq.
> 330 N. Andrews Ave., Suite 450
> Fort Lauderdale, FL 33301

and

> **Office of the U.S. Trustee**
> 51 SW First Avenue, Room 1204
> Miami, FL 33130

**5.16    Reservation of Rights**

The Debtor reserve the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of an Order of Discharge, upon the payment of the initial payments under this Plan, payment of all outstanding quarterly United States Trustee Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with the notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid pursuant to the Plan to Classes 1

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

through 7 or five (5) years from the Effective Date, whichever is longer, the Debtor shall receive a discharge. **THIS PARAGRAPH ONLY PRESERVES THE DEBTOR'S RIGHT TO SEEK THE RELIEF DESCRIBED ABOVE AND DOES NOT CONCLUSIVELY GRANT SUCH RELIEF. CREDITORS' AND INTERESTED PARTIES' RIGHTS TO OBJECT TO SUCH RELIEF SHALL SIMILARLY BE PRESERVED UNTIL SUCH TIME AS IT IS REQUESTED BY THE DEBTOR AFTER CONFIRMATION.**

## ARTICLE VI

*Confirmation and Effectiveness of the Plan*

### 6.01 Conditions Precedent to Confirmation

The Plan shall not be confirmed by the Court unless and until the following conditions shall have been satisfied or waived pursuant to Section 6.01 of the Plan:

(i) The Confirmation Order shall be in form and substance reasonably acceptable to the Debtor and include, among other things, a finding of fact that the Debtor and the Reorganized Debtor, acted in good faith within the meaning of and with respect to all of the actions described in section 1125(e) of the Code and are, therefore, not liable for the violation of any applicable law, rule or regulation governing such actions; and

(ii) All exhibits to the Plan, including those to be contained in the Plan Supplement, shall be in form and substance reasonably acceptable to the Debtor and approved by the Court.

(iii) The Confirmation Order shall have been entered and shall be a Final Order (with no modification or amendment thereof), and there shall be no stay or injunction that would prevent the occurrence of the Effective Date;

(iv) The statutory fees owing to the United States Trustee shall have been paid in full; and

(v) All other actions, authorizations, filings consents and regulatory approvals required (if any) shall have been obtained, effected or executed in a manner acceptable to the Debtor and remain in full force and effect or, if waivable, waived by the Person or Persons entitled to the benefit thereof.

### 6.02    Effect of Failure

If each condition to the Effective Date specified in the Plan has not been satisfied or duly waived within ninety (90) days after the Confirmation Date, then upon the filing of a motion by the Debtor made before the time that all conditions have been satisfied or duly waived, the Confirmation Order will be vacated by the Court; provided, however, that notwithstanding the filing of such a motion, the Confirmation Order shall not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Court enters an order granting the relief requested in such motion. If the Confirmation Order is vacated, the Plan shall be deemed null and void in all respects, including without limitation the discharge of Claims pursuant to section 1141 of the Code and the assumptions or rejections of executory contracts and unexpired

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

leases as provided by the Plan, and nothing contained herein shall (l) constitute a waiver or release of any Action by, or Claims against, the Debtor or (2) prejudice in any manner the rights of the Debtor.

**6.03    Waiver of Conditions**

The Debtor may waive one or more of the conditions precedent to confirmation of the Plan, or the condition precedent to effectiveness of the Plan set forth in Section 6.01 of the Plan. The Debtor may waive in writing one or more of the other conditions precedent to confirmation and effectiveness of the Plan, without further notice to parties in interest or the Court without a prior hearing.

## ARTICLE VII

### *Retention of Jurisdiction*

The Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Code and for, among other things, the following purposes:

A.    Determination of all issues and disputes regarding title to property of the estate, and determination of all causes of action, controversies, duties or conflicts, whether or not subject to litigation or proceedings pending as of the Confirmation date, between the Debtor and any other party, including but not limited to, any right of the Debtor to recover assets pursuant to the provisions of the Code and Rules.

B.    Fix allowances of compensation and reimbursement of expenses pursuant to §330 of the Code.

C.    Correct any defect, cure any omission, or reconcile any inconsistency in this Plan or the Order of Confirmation as may be necessary or appropriate to carry out the purposes and intent of this Plan.

D.    Determine pending applications for the assumption or rejection of executory contracts and unexpired leases under §365 of the Code and determine the allowance of Claims resulting therefrom;

E.    To consider any amendments or modifications to this Plan.

F.    To issue such orders as are necessary or appropriate to carry out the provisions of this Plan, including without limitation the appointment of a person pursuant to F.R.C.P. Rule 70 and Rule 7070 of the Rules to act, execute and deliver documents on behalf of the Debtor to implement and consummate this Plan.

G.    To enjoin the interference with the implementation and consummation of the Plan.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

H.      To liquidate damages in connection with any disputed contingent or unliquidated claims.

I.      To hear and determine all controversies and disputes that may arise in connection with this Chapter 11 case and in connection with the interpretation and implementation of the Plan.

J.      To determine any and all applications, adversary proceedings or contested matters pending on the Confirmation Date and arising under Chapter 11 of the Code or arising in or related to the Debtor's reorganization case under Chapter 11 and Title 11 of the Code.

K.      For such other matters as may be set forth in the Order of Confirmation.

## ARTICLE VIII

*Miscellaneous Provisions*

## 8.01    Tax Implications of the Plan.

The tax consequences of the implementation of the Plan to a specific creditor will depend on a number of factors, including whether the Creditor's Claim constitutes a "security" for federal income tax purposes, whether a Creditor has already taken a deduction of loss with respect to its Claim and the timing of any distributions under the Plan. It is possible that certain creditors will recognize gain or income as a result of distributions under the Plan. There also may be state, local or foreign tax considerations applicable to particular holders of Claims, none of which are discussed herein. Each holder of a Claim or any other party in interest in this case is strongly urged to consult with their tax advisor regarding the federal, state and local income and other tax consequences that the implementation of this Plan may have on them.

## 8.02    Effectuating Documents and Further Transactions.

The Debtor or Reorganized Debtor, as the case may be, is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to implement, effectuate and further evidence the terms and conditions of the Plan and any notes or securities issued pursuant to the Plan.

## 8.03    Post-Effective Date Fees and Expenses

From and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of business and without the necessity for any approval by the Court, pay the reasonable fees and expenses of Professionals thereafter incurred by the Reorganized Debtor, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

**8.04    Amendment or Modification of Plan**

Alterations, amendments or modifications of the Plan may be proposed in writing by the Debtor at any time prior to the Confirmation Date in conformity with section 1127(a) of the Code, provided that the Plan, as altered, amended or modified, satisfies the conditions of sections 1122, 1123 and 1129 of the Code, and the Debtor shall have complied with section 1125 of the Code. The Plan may be altered, amended or modified by the Debtor at any time after the Confirmation Date in conformity with section 1127(b) of the Code, provided that the Plan, as altered, amended or modified, satisfies the requirements of sections 1122 and 1123 of the Code and the Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under section 1129 of the Code and the circumstances warrant such alterations, amendments or modifications. A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.  Prior to the Effective Date, the Debtor, and without the approval of the Bankruptcy Court, and without notice to all holders of Claims and Interests, insofar as it does not materially adversely affect the interests of holders of Claims and Interests, may correct any defect, omission or inconsistency in this Plan in such manner and to such extent as may be necessary to expedite the execution of this Plan.

**8.05    Severability**

In the event that the Court determines, prior to the Confirmation Date, that any provision in the Plan is invalid, void or unenforceable, such provision shall be invalid, void or unenforceable with respect to the holder or holders of such Claims or Equity Interests as to which the provision is determined to be invalid, void or unenforceable. The invalidity, voidness or unenforceability of any such provision shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan. The Court, at the request of the Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**8.06    Filing of Additional Documents**

On or before Substantial Consummation of the Plan, the Debtor shall file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**8.07    No Admissions**

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

Notwithstanding anything in the Plan to the contrary, nothing contained in the Plan shall be deemed as an admission by any Person with respect to any matter set forth in the Plan or herein.

**8.08    Inconsistency**

In the event of any inconsistency between the Plan and the Disclosure Statement, any Exhibit to the Plan or the Disclosure Statement or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern. In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern.

**8.09    No Interest or Attorneys' Fees**

Except as otherwise provided under the Plan, or as ordered by the Court, no interest, penalty or other charge, including any late charge, arising from and after the Petition Date, an no award or reimbursement of any attorneys' fees or other related cost or disbursement, shall be allowed on, or in connection with, any Claim, unless otherwise provided under the Plan or awarded by the Court.

**8.10 Successors and Assigns**

This Plan and all the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

**8.11    Savings Clause**

Any minor defect or inconsistency in the Plan may be corrected or amended by the Confirmation Order.

**8.12    Remedy of Defects**

After the Effective Date, the Reorganized Debtor may, with approval of the Court, and so long as it does not materially and adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan and in form and substance satisfactory to the Reorganized Debtor.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301**

# ARTICLE IX

## *Conclusion*

The aforementioned provisions shall constitute the Plan of Reorganization of the Debtor. This Plan, when confirmed will be deemed binding on the Debtor, the Reorganized Debtor, and all creditors and parties in interest.

Dated: February 12, 2016

**Van Horn Law Group, P.A.**
330 N. Andrews Ave., Suite 450
Fort Lauderdale, Florida 33301
(954) 765-3166
(954) 756-7103 (facsimile)
By: */s/ Chad T. Van Horn, Esq.*
Chad T. Van Horn, Esq.
Florida Bar No. 64500
Email: Chad@cvhlawgroup.com

VAN HORN LAW GROUP, P.A.
330 N. ANDREWS AVENUE, SUITE 450 FORT LAUDERDALE, FLORIDA 33301