## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

          Case No.: 14-37286-JKO

RON DAVIDSON      Chapter 11

   Debtor.

_____/

## DISCLOSURE STATEMENT IN SUPPORT OF
## CHAPTER 11 PLAN OF REORGANIZATION FOR RON DAVIDSON

### February 12, 2016

  COMES NOW the Debtor-In-Possession, Ron Davidson, by and through undersigned counsel, and files herewith this Disclosure Statement in accordance with the provisions of 11 U.S.C. §1125, in order to provide Creditors entitled to vote on the proposed Plan of Reorganization with adequate information in order to make an informed vote upon the proposed plan.

       **Van Horn Law Group, P.A.**
       330 N. Andrews Ave., Suite 450
       Fort Lauderdale, Florida 33301
       (954) 765-3166
       (954) 756-7103 (facsimile)

       By: */s/ Chad T. Van Horn, Esq.*
       Chad T. Van Horn, Esq.
       Florida Bar No. 64500
       Email: Chad@cvhlawgroup.com

**IMPORTANT: THIS DISCLOSURE STATEMENT CONTAINS INFORMATION THAT MAY BEAR UPON YOUR DECISION TO ACCEPT OR REJECT THE PROPOSED CHAPTER 11 PLAN.  PLEASE READ THIS DOCUMENT WITH CARE.**
### TABLE OF CONTENTS

-1-

I.   INTRODUCTION ................................................................................... 4

A.   **Purpose of This Document** ................................................................ 4

II.  DISCLAIMER ..................................................................................... 5

**VI. DEBTOR'S CHAPTER 11 CASE** ......................................................... 11

**VII. SUMMARY OF THE PLAN** .............................................................. 11

A.   **Classification and Treatment of Claims** .......................................... 12

1.   **Unclassified Claims** ................................................................ 12

**2.02      Classes of Secured Claims** ................................................... 14

**2.03 Classes of Unsecured Priority Claims** ........................................ 15

**2.04      Special Unsecured Business Claims** ....................................... 15

**2.05      General Unsecured Claims** .................................................... 16

B.   **Treatment of Unimpaired Claims** ................................................... 16

I.   **Vesting of the Property of the Estate** ........................................... 17

II.  **Source of Plan Funding** ............................................................. 17

III. **Risk Factors** ............................................................................ 17

IV.  **Disputed Claims** ...................................................................... 18

V.   **Disallowed Claims** .................................................................... 18

VI.  **Disbursing Agent** ..................................................................... 18

VII.      **Unclaimed Distributions** ...................................................... 18

VIII.     **Determination of Tax Liability** .............................................. 18

C.   **Treatment of Executory Contracts and Unexpired Leases** ................ 18

D.   **Miscellaneous Plan Revisions** ....................................................... 19

**VIII.   CONFIRMATION REQUIREMENTS AND PROCEDURES** .................. 19

A.   **Voting Procedures** ..................................................................... 19

B.   **Cramdown** ................................................................................ 20

C.   **Confirmation Hearing** ................................................................ 20

D.   **Effects of Confirmation of the Plan** ............................................. 20

E.   **Objections to Confirmation** ......................................................... 21

F.   **Reservation of Rights** ................................................................ 22

**IX. TAX IMPLICATIONS OF THE PLAN** .................................................. 22

**X.  LIQUIDATION AND FEASIBILIITY ANALYSIS** .................................. 22

**XI. MISCELLANEOUS** ........................................................................ 23

A.   **Modification** ............................................................................. 23

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

**B.   Confirmation Order Controls** ........................................................................................ 23

**C.   Effectuating Documents and Further Transactions** ................................................ 23

**D.   Terms of the Plan are Binding** ..................................................................................... 23

**E.   Injunction** .............................................................................................................................. 24

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

**DISCLOSURE STATEMENT IN SUPPORT OF CHAPTER 11 PLAN OF REORGANIZATION FOR RUSSELL HILLIARD**

**DEBTOR RESERVES THE RIGHT TO AMEND OR SUPPLEMENT THIS PROPOSED DISCLOSURE STATEMENT AT OR BEFORE THE CONFIRMATION HEARING**

## I.    INTRODUCTION

Ron Davidson, (the "**Debtor**") provides this Disclosure Statement (the "**Disclosure Statement**") to all of his Creditors in order to permit such Creditors to make an informed decision in voting to accept or reject his Plan of Reorganization under Chapter 11, of the Bankruptcy Code (the "**Plan**"). For purposes hereof, any term used in this Disclosure Statement (regardless of capitalization), and not otherwise separately defined herein, shall have the defined meaning ascribed to it in the Plan or in Section 101 of the Bankruptcy Code. Whenever the words "include," "includes" or "including" are used in this Disclosure Statement, they are deemed to be followed by the words "without limitation."

The Disclosure Statement is presented to certain holders of Claims against the Debtor in accordance with the requirements of section 1125 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 – 1330 (the "**Bankruptcy Code**"). Section 1125 of the Bankruptcy Code, requires that a disclosure statement provide information sufficient to enable a hypothetical and reasonable investor, typical of the Debtor's Creditors, to make an informed judgment whether to accept or reject the Plan. The Disclosure Statement may not be relied upon for any purpose other than described above. ***Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.***

### A.  Purpose of This Document

The purpose of this Disclosure Statement is to provide sufficient information about the Debtor to enable the holders of impaired claims and interests against the Debtor to make an informed decision with respect to acceptance or rejection of the Plan. This Disclosure Statement describes:

1. The Debtor and significant events during the bankruptcy case;

2. How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed);

3. Who can vote on or object to the Plan;

4. What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan;

5. Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or

equity interest in liquidation; and

6. The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

## II.   DISCLAIMER

THE DISCLOSURE STATEMENT AND THE PLAN ARE AN INTEGRAL PACKAGE, AND THEY MUST BE CONSIDERED TOGETHER FOR THE READER TO BE ADEQUATELY INFORMED. THIS INTRODUCTION IS QUALIFIED IN ITS ENTIRETY BY THE REMAINING PORTIONS OF THIS DISCLOSURE STATEMENT, AND THIS DISCLOSURE STATEMENT IN TURN IS QUALIFIED, IN ITS ENTIRETY, BY THE PLAN.

NO REPRESENTATIONS CONCERNING THE DEBTOR (PARTICULARLY AS TO THE VALUE OF DEBTOR'S PROPERTY) ARE AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT AND ITS EXHIBITS. ANY REPRESENTATIONS OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE OF THE PLAN OTHER THAN AS CONTAINED IN THE DISCLOSURE STATEMENT AND ITS EXHIBITS SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR, WHO WILL IN TURN DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE APPROPRIATE.

THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT, INCLUDING ANY EXHIBITS CONCERNING THE FINANCIAL CONDITION OF THE DEBTOR AND THE OTHER INFORMATION CONTAINED HEREIN, HAS NOT BEEN SUBJECT TO AN AUDIT OR INDEPENDENT REVIEW EXCEPT AS EXPRESSLY SET FORTH HEREIN. ACCORDINGLY, THE DEBTOR IS UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONCERNING THE DEBTOR OR THE DEBTOR'S FINANCIAL CONDITION IS ACCURATE OR COMPLETE. THE PROJECTED INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS BEEN PRESENTED FOR ILLUSTRATIVE PURPOSES ONLY, AND, BECAUSE OF THE UNCERTAINTY AND RISK FACTORS INVOLVED, THE DEBTOR'S ACTUAL RESULTS MAY NOT BE PROJECTED HEREIN.

ALTHOUGH AN EFFORT HAS BEEN MADE TO BE ACCURATE, THE DEBTOR DOES NOT WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT AND ITS EXHIBITS ARE CORRECT. THE DISCLOSURE STATEMENT CONTAINS ONLY A SUMMARY OF THE PLAN. EACH CREDITOR IS STRONGLY URGED TO REVIEW THE PLAN PRIOR TO VOTING ON IT.

THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT ARE MADE AS OF THE DATE OF THE DISCLOSURE STATEMENT UNLESS ANOTHER TIME IS SPECIFIED. THE DELIVERY OF THIS DISCLOSURE STATEMENT WILL NOT UNDER ANY CIRCUMSTANCES CREATE AN IMPLICATION THAT THERE HAS NOT BEEN ANY CHANGE IN THE FACTS SET FORTH SINCE THE DATE OF THE DISCLOSURE STATEMENT.

A STATEMENT OF THE ASSETS AND LIABILITIES OF THE DEBTOR AS OF THE DATE OF THE COMMENCEMENT OF THE CASE IS ON FILE WITH THE CLERK OF THE BANKRUPTCY COURT AND MAY BE INSPECTED BY INTERESTED PARTIES DURING REGULAR BUSINESS HOURS.

THIS DISCLOSURE STATEMENT HAS BEEN PREPARED IN ACCORDANCE WITH SECTION 1125 OF THE BANKRUPTCY CODE AND NOT IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER APPLICABLE NON-BANKRUPTCY LAW.

THIS DISCLOSURE STATEMENT WILL NOT BE CONSTRUED TO BE ADVICE ON THE TAX, SECURITIES OR OTHER LEGAL EFFECTS OF THE PLAN. EACH CREDITOR SHOULD, THEREFORE, CONSULT WITH ITS OWN LEGAL, BUSINESS, FINANCIAL AND TAX ADVISERS AS TO ANY SUCH MATTERS CONCERNING THE SOLICITATION, THE PLAN OR THE TRANSACTIONS CONTEMPLATED THEREBY.

### III.    NOTICE OF HOLDERS OF CLAIMS AND INTERESTS

This Disclosure Statement is being transmitted to certain holders of Claims for the purpose of soliciting votes on the Plan and to others for informational purposes.

**A. Procedure for filing of all Proofs of Claim (other than Administrative Claims) and Proofs of Interest**

**1. Bar Date for filing of all Proofs of Claim (other than Administrative Claims) and Proofs of Interest**

To participate in the payments and other distributions under the Plan, a creditor must have an allowed claim against the Debtor. The first step in obtaining an allowed claim is generally filing a proof of claim or proof of interest.

A proof of claim is deemed filed for any claim that appears in the Schedules which were filed in the case, except a claim that is scheduled as disputed, contingent, unliquidated or in an unknown amount. In other words, if a creditor agrees with the amount of the claim as scheduled by the Debtor, and that claim is not listed in the Schedules as being disputed, contingent or unliquidated, it is not necessary that a separate proof of claim be filed.

-6-

Claims that are unscheduled, or which are scheduled as disputed, contingent, or unliquidated, or which are scheduled in an amount that varies from the amount claimed by the creditor shall be recognized and allowed only if a proof of claim was timely filed.

The Bankruptcy Court fixed the deadline for the filing of Claims as being April 15, 2015 except for claims filed by governmental units, whose deadline for filing Claims is June 15, 2015, or is otherwise governed by 11 U.S.C. §502(b)(9). Pursuant to 11 U.S.C. §502(b)(9), the claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

### 2.  Approval of Disclosure Statement and Confirmation of Plan

Pursuant to the Bankruptcy Code, the Plan has been filed concurrently with this Disclosure Statement with the Bankruptcy Court. The Bankruptcy Court will schedule a hearing on approval of this Disclosure Statement and on confirmation of the Plan (the "Confirmation Hearing") to be held at the United States Bankruptcy Court for the Southern District of Florida, 299 E. Broward Blvd., Room 301, Fort Lauderdale, Florida 33301. At the Confirmation Hearing, the Bankruptcy Court will consider whether this Disclosure Statement and the Plan satisfy the requirements of the Bankruptcy Code, including whether the Plan is in the best interests of the claimants. APPROVAL OF THIS DISCLOSURE STATEMENT BY THE BANKRUPTCY COURT DOES NOT CONSTITUTE A DETERMINATION BY THE BANKRUPTCY COURT EITHER OF THE FAIRNESS OR MERITS OF THE PLAN OR OF THE ACCURACY OR COMPLETENESS OF THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT.

The Disclosure Statement is on file with the Court, and you may access it electronically or you may obtain a copy at your expense from the clerk or view a copy at the public terminals in the clerk's office. Copies may be obtained from the plan proponent by written request. To obtain, at your cost additional copies of this Disclosure Statement or of the Plan, please contact Van Horn Law Group, P.A., 330 N. Andrews Ave., Suite 450, Fort Lauderdale, Florida 33301, Telephone; (954) 765-3166 or Facsimile: (954) 756-7103.

This Disclosure Statement contains only a summary of the Plan. Each creditor is urged to review the Plan in its entirety prior to voting. In the event of any inconsistency between the Plan and the Disclosure Statement, the provisions of the Plan will control. It is important that creditors exercise their right to vote to accept or reject the Plan. Even if you do not vote to accept the Plan, you may be bound by it if it is accepted by the requisite holders of Claims as described below.

## IV.    GENERAL INFORMATION

### A.  Brief Overview of Chapter 11

### 1.  Property of the Estate.

The commencement of a chapter 11 bankruptcy case creates an estate comprising of all the legal and equitable interests of the debtor in property as of the date the petition is filed.

Sections 1101, 1107, and 1108 of the Bankruptcy Code provide that a debtor may continue to operate its business and remain in possession of its property as a "debtor in possession" unless the bankruptcy court orders the appointment of a trustee. No trustee has been appointed in the Debtors' case.

**2.  Automatic Stay.**

Pursuant to 11 U.S.C. §362, the filing of a chapter 11 petition operates as an automatic stay applicable to all entities of various actions to collect pre-petition claims from the Debtors or otherwise interfere with their property or businesses.

**3.  Voting.**

**a.  Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if any party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

**(i)      What is an Allowed Claim or an Allowed Equity Interest?**

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either: (1) the Debtor has scheduled the claim on its schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated; or (2) the creditor has filed a proof of claim or equity interest, and no objection has been filed to such proof of claim or equity interest. When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless, after notice and hearing, the Court either overrules the objection or allows the claim or equity interest voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

The Debtor will file any objections to filed proofs of claim prior to the balloting process described herein.

**b.  What is an Impaired Claim or Impaired Equity Interest?**

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is impaired under the Plan. As provided in 11 U.S.C. §1124, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

### c.    Who is NOT Entitled to Vote?

The holders of the following types of claims and equity interests are not entitled to vote to accept or reject the Plan:

- Holders of claims and equity interests that have been disallowed by an order of the Court;

- Holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been allowed for voting purposes.

- Holders of claims or equity interests in unimpaired classes;

- Holders of claims entitled to priority pursuant to 11 U.S.C. §§507(a)(2), (a)(3), and (a)(8);

- Holders of claims or equity interests in classes that do not receive or retain any value under the Plan; and

- Administrative expense claimants.

Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan and to the Adequacy of the Disclosure Statement.

### d.    Who Can Vote in More Than One Class?

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise holds claims in multiple classes, is entitled to accept or reject the Plan is each capacity, and should cast one ballot for each claim.

### e.    Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless: (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by a cramdown on non-accepting classes.

### f.    Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the plan.

A class of equity interests accepts the Plan if the holder of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

### g.   Treatment of Nonaccepting Classes

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by 11 U.S.C. §1129(b). A Plan that binds nonaccepting classes is commonly referred to as a cramdown plan. The Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of 11 U.S.C. §1129(a)(8), does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

You should consult your own attorney if a cramdown confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.

### 4.   Impairment.

A class of Claims or Interests are "impaired" if the legal, equitable, or contractual rights attaching to the Claims or Interests of that class are modified. Modification for purposes of determining impairment, however, does not include curing defaults and reinstating maturity.

### 5.   Confirmation Standards.

### a.   General

The proponent of the Plan must meet all applicable requirements of 11 U.S.C. §1129(a) (except 11 U.S.C. §1129(a)(8) if the proponent proposes to seek confirmation of the Plan under the provisions of 11 U.S.C. §1129(b)). These requirements include, among other things, that: (a) the Plan comply with applicable provisions of Title 11, United States Code and other applicable law; (b) the Plan be proposed in good faith; (c) at least one impaired Class of claims must accept the Plan, without counting votes of insiders; (d) the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and (e) the Plan must be feasible. These requirements are not the only requirements listed in 11 U.S.C. §1129, and they are not the only requirements for confirmation.

### b.   Cramdown

The Bankruptcy Court may confirm a plan of reorganization even though fewer than all the classes of impaired Claims and Interests have accepted the plan. If a plan of reorganization is to be confirmed despite the rejection of a class of impaired Claims or Interests, then the proponent of the plan must show, among other things, that the plan of reorganization does not discriminate unfairly and that the plan is fair and equitable with respect to each impaired class of Claims or Interests that has not accepted the plan of reorganization.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

### c.  Liquidation Analysis

To confirm a plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and interest holders would receive in a chapter 7 liquidation.

### d.  Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

#### (i)  Ability to Initially Fund Plan

The Debtor believes that he will have enough cash on hand on the effective date of the Plan to pay all claims and expenses that are entitled to be paid on that date.

#### (ii)  Ability to Make Future Plan Payments and Operate Without Further Reorganization.

The plan proponent must also show that he will have enough cash over the life of the Plan to make the required Plan payments.

*You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.*

## V.    DEFINITIONS

The terms used herein have the same meaning as in the Plan unless the context hereof requires otherwise.

## VI.    DEBTOR'S CHAPTER 11 CASE

On December 15, 2014 (the "Petition Date"), Debtor filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy, Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code"). Debtor desires to reorganize his financial affairs and dispose of property that is burdensome to his bankrupt estate.

## VII.    SUMMARY OF THE PLAN

Debtor's goal is to generate sufficient income from his employment to, after having paid secured claims, administrative claims, and priority claims, have funds remaining for a distribution to general unsecured claims. Debtor believes that his Plan provides the best and most viable solution to exit from bankruptcy. The Disclosure Statement describes how the Debtor will implement and carry out the Plan. The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

-11-

**A. Classification and Treatment of Claims**

    **1. Unclassified Claims**

        **a. Allowed Administrative Claims**

Administrative expenses are costs or expenses of administering the Chapter 11 case which are allowed under 11 U.S.C. §507(a)(2). Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition, if any. All entities seeking an award by the Court of Professional Fees and Expenses shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date pursuant to section 330 if the Code and Rule 2016 by the date that is ten (10) days after the Effective Date or such other date as may be fixed by the Court.

Each holder of an Allowed Administrative Claim shall receive, in full satisfaction, settlement, release and discharge of such Allowed Administrative Claim, either (A) an amount equal to the unpaid amount of such Allowed Administrative Claim in cash commencing on the later of (i) the Effective Date, (ii) the date that such Claim becomes an Allowed Administrative Claim by a Final Order, or (iii) a date agreed to by the Claimholder and the Debtor; or (B) such other treatment (i) as may be agreed upon in writing by the Claimholder and the Debtor, or (ii) as the Bankruptcy Court has ordered or may order. Notwithstanding the foregoing, Allowed Administrative Claims representing (a) liabilities, accounts payable, or other Claims or obligations incurred in the ordinary course of business of the Debtor consistent with past practices subsequent to the Petition Date, shall be paid or performed by the Debtor in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements or contracts relating thereto; provided, notwithstanding any contract provision, applicable law or otherwise, that entitled a holder of an Allowed Administrative Claim to post-petition interest, no holder of an Allowed Administrative Claim shall receive post-petition interest, on account of such Claim.

The following chart lists the estimated Administrative expenses and their proposed treatment under the Plan:

        **b. Priority Tax Claims**

Each holder of an Allowed Priority Tax Claim shall receive, at the sole discretion of the Debtor, and in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Tax Claim, (A) an amount equal to the unpaid amount of such Allowed Priority Tax Claim in cash commencing on the later of (i) the Effective Date, (ii) the date that such Claim becomes an Allowed Priority Tax Claim by a Final Order, or (iii) a date agreed to by the Claimholder and the Debtor; (B) as provided in section 1129(a)(9)(C) of the Bankruptcy Code, cash payments made in equal monthly installments beginning on the Effective Date, with the final installment payable not later than the sixtieth (60th) month following the Petition Date, together with interest (payable in arrears) on the unpaid portion thereof at 18% from the Effective Date through the date of payment thereof; or (C) such other treatment as to which the

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

Debtor and such Claimholder shall have agreed in writing or the Bankruptcy Court has ordered or may order; provided, however, that the Debtor reserves the right to pay any Allowed Priority Tax Claim, or any remaining balance of any Allowed Priority Tax Claim, in full at any time on or after the Effective Date without premium or penalty; and, provided further, that no holder of an Allowed Priority Tax Claim shall be entitled to any payments on account of any pre-Effective Date interest accrued on or penalty arising before or after the Petition Date with respect to or in connection with such Allowed Priority Tax Claim.

### c.  United States Trustee Fees

The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) within ten days of the entry of the confirmation order for pre-confirmation periods and simultaneously file with the Court the monthly operating reports for all pre-confirmation periods. Furthermore, Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods and simultaneously file with the Court quarterly post-confirmation reports until the earlier of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

The following chart lists the Debtor's estimated Administrative expenses and their proposed treatment under the Plan:

| TYPE | ESTIMATED AMOUNT OWED | PROPOSED TREATMENT |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | Unknown | Paid in 60 equal monthly payments, with the first payment due 30 days after the Effective Date of the Plan. The Debtors have been paying post-petition expenses in the normal course, and do not believe that any amounts are due and owing. |
| The Value of Goods Received in the Ordinary Course of Business Within 20 Days Before the Petition Date | $0.00 | N/A |
| Professional Fees, as approved by the Court | Est. $15,000.00 | Paid in full on the Effective Date of the Plan, or according to a separate agreement, or according to Court order if such fees have not been approved by the Court on the Effective Date of the Plan. |
| Clerk's Office Fees | $0.00 | N/A |
| Other Administrative Expenses | Est. $0.00 | Paid in full on the Effective Date of the Plan, or according to a separate agreement, or according to Court order if such expenses have not been approved by the Court on the Effective Date of the Plan. |
| U.S. Trustee Fees | Est. $650.00 | Paid in full the Effective Date of the Plan. |
| **TOTAL** | **Est. $15,650.00** | |

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

**2.02    Classes of Secured Claims**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under 11 U.S.C. §506. If the value of the collateral or setoffs securing the creditor's claims is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of Nationstar Mortgage, LLC [Claim #9-2]<br><br>Homestead Property Located at: 3029 NE 188th St. #502, Aventura, FL 33180<br><br>Secured Claim amount: $251,375.00<br><br>Interest Rate: 4.02%<br><br>Maturity Date: 480 payments<br><br>Payment Amt: $1,053.72 (Principal and Interest) | **Impaired** | Class 1, the Secured Claim of Nationstar Mortgage, LLC is Impaired by the Plan. Class 1 claims are secured by Debtor's investment real property located at: 3029 NE 188th St. #502, Aventura, FL 33180 and have been determined by the Order Granting Debtor's Motion to Value entered at Docket Entry 47.<br><br>Debtor shall pay $251,375.00 fully amortized over 480 months, with no balloon payment, bearing 4.02% interest, resulting in a monthly principal and interest payment of $1,053.72.<br><br>Debtor shall provide a cure for post-petition advances, if any. In addition, post-confirmation, Debtor shall escrow amounts required for the maintenance of real estate taxes and insurance premiums, or at the election of creditor, Debtor shall be required to remit payment directly for real estate taxes and insurance premiums.<br><br>Payments will be made at the regular address or such other address as required by Nationstar Mortgage, LLC, upon notice to the Debtor.<br><br>Nationstar Mortgage, LLC shall have an unsecured deficiency claim in the amount of $83,642.57 which will be included in the General Unsecured Class. |

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

**2.03 Classes of Unsecured Priority Claims**

Certain priority claims that are referred to in 11 U.S.C. §§507(a)(1), (4), (5), (6) and (7) are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the Effective Date of the Plan equal to the Allowed amount of such claim.

The following chart lists all classes containing Debtor's priority unsecured claims and their proposed treatment under the Plan:

| Class | Impairment | Treatment |
|---|---|---|
| **Class 2 - Other Priority Claims** | **N/A** | Other than set forth above, no other priority claims have been filed, or scheduled by the Debtor and the Debtor does not believe that any other priority claims exist. However, in the event that it is determined by the Court that any additional priority claims exist, then each holder of a Class 4 Priority Claim will be paid in full, over 60 months from the Effective Date, in 20 equal quarterly payments, which will begin on the first day of the month following the Effective Date of the Plan, and continue on the first day of every quarter. |

**2.04    Special Unsecured Business Claims**

General unsecured claims are not secured by property of the estate and are not entitled to priority under 11 U.S.C. §507(a). The following chart identifies the Plan's proposed treatment of Class 7, which contains general unsecured claims against the Debtor.

| Class | Impairment | Treatment |
|---|---|---|
| **Class 3 – Special Unsecured Business Creditors**<br><br>Total Claims Amount:<br>$4,531,681.42<br><br>Plan Payment Term:<br>5 years<br><br>Total Plan Payments:<br>$15,000.00<br><br>Quarterly Plan Payment Amount:<br>$ 750.00 | **Impaired** | Class 3 consists of the unsecured business claim of CAG Financial Services, LLC. The Class 3 Creditor shall share pro rata in a total distribution of $15,000.00 (the "Plan Payments"), which shall be paid over 5 years from the first day of the month following the Effective Date, in 20 quarterly payments totaling $750.00 per payment, with the first payment due on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every quarter.<br><br>Notwithstanding the above, any allowed unsecured general claimant to receive a total distribution of $250.00 or less shall be paid in a lump sum on the Effective Date. |

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

### 2.05    General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under 11 U.S.C. §507(a). The following chart identifies the Plan's proposed treatment of Class 7, which contains general unsecured claims against the Debtor.

| Class | Impairment | Treatment |
|---|---|---|
| **Class 4 – General Unsecured Creditors**<br><br>Total Claims Amount:<br>$4,531,681.42<br><br>Plan Payment Term:<br>5 years<br><br>Total Plan Payments:<br>$10,000.00<br><br>Quarterly Plan Payment Amount:<br>$500.00 | **Impaired** | Class 4 consists of all allowed unsecured general claims and allowed undersecured claims. The Class 4 Creditors shall share pro rata in a total distribution of $10,000.00 (the "Plan Payments"), which shall be paid over 5 years from the first day of the month following the Effective Date, in 20 quarterly payments totaling $500.00 per payment, with the first payment due on the first day of the month following the Effective Date of the Plan, and continuing on the first day of every quarter.<br><br>Notwithstanding the above, any allowed unsecured general claimant to receive a total distribution of $250.00 or less shall be paid in a lump sum on the Effective Date. |

Based upon the distribution amount of $10,000.00, allowed unsecured claimants will receive a distribution of approximately 0.77%.  This distribution is higher than what allowed general unsecured claimants would receive in a hypothetical Chapter 7, in which case the Debtor estimates that such claimants would receive a distribution of 0.00%.

**NOTICE TO CLASS 4 --- GENERAL UNSECURED CREDITORS:** **Pursuant to 11 U.S.C. §1129(a)(15), unsecured creditors have a right to object to plan confirmation. If you object to confirmation of the Plan, the value of the property to be distributed under the Plan shall be not less than the projected disposable income of the Debtors as defined in 11 U.S.C. §1325(b)(2) to be received during the 5-year period beginning on the date that the first payment is due under the Plan (or during the period for which the Plan provides payments, whichever is longer).**

### B.   Treatment of Unimpaired Claims

Certain types of claims are automatically entitled to specific treatment under the Bankruptcy Code. These claims are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

**Means for Implementation of Plan**

### I.    Vesting of the Property of the Estate

On the Effective Date, all property of the Debtor's Estate, including all real and personal property interests, shall vest in the Debtor.

### II.    Source of Plan Funding

The funds to make the initial payments will come from the Debtor in Possession's Bank account which as of December, 2015 contains $48,153.51.  Funds to be used to make cash payments pursuant to the Plan shall derive from Debtor's income derived from his employment with Trust USA Home Health.

To the extent that the Debtor wishes to prepay any amounts due under the Plan from exempt assets or other third party sources, the Debtor reserves the right to do so without penalty and to seek the entry of a final decree closing this case. The Debtor, as reorganized, will retain and will be revested in all property of the Estate, excepting property which is to be sold or otherwise disposed of as provided herein, executory contracts which are rejected pursuant to the Plan and property transferred to Creditors of the Debtor pursuant to the expressed terms hereof. The retained property shall be used by the Debtor in the ordinary course of his personal affairs.

### III.    Risk Factors

The proposed Plan has the following risks:

(i)    The Debtor's projections as to his income are speculative and based on historical data and projected transactions. There is no guarantee that the projected income will remain as proposed for the next 5 years. The Debtor has provided his best estimate, based on historical income and current factors.

(ii)    Natural hazards, including extreme weather conditions, such as hurricanes, which could cause severe damage to the Debtor's real properties, in which the Debtor derives an income, and which could have an impact on the Debtor's ability to maintain the cash flow.

(iii)    Failure to satisfy vote requirement – the Debtor is seeking the affirmative vote of at least one class of creditors. If the Plan does not receive sufficient votes for confirmation pursuant to 11 U.S.C. §1129(a), then the Plan cannot be confirmed.

(iv)    The Plan may not be accepted or confirmed – while the Debtor believes that the Plan is confirmable under the standards set forth in 11 U.S.C. §1129, there is no assurance that the Bankruptcy Court will find the Plan to be confirmable. If the Plan is not confirmed, it is possible that an alternative plan can be negotiated and presented to the Bankruptcy Court for approval, but there is also no assurance that an alternative plan would be confirmed, that the case will not be converted to a Chapter 7 proceeding, or that any alternative plan of reorganization could or would be

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

formulated on terms as favorable to the creditors and the Debtor as the terms of the Plan.

## IV.    Disputed Claims

Notwithstanding any other provision of the Plan, if any portion of a Claim is disputed, the full amount of such Claim shall be treated as a disputed claim for purposes of this Plan, and no payment or distribution provided under the Plan shall be made on account of such Claim unless and until such disputed claim becomes an allowed claim or allowed equity interest (in whole or in part).

## V.    Disallowed Claims

All Claims held by Persons against whom the Debtor or Reorganized Debtor has commenced an Action under sections 542, 543, 544, 545, 547, 548, 549, and/or 550 of the Code, shall be deemed "disallowed" Claims pursuant to section 502(d) of the Code and holders of such Claims shall not be entitled to vote to accept or reject the Plan. Claims that are deemed disallowed shall continue to be disallowed for all purposes until the avoidance action against such party has been settled or resolved by Final Order and any sums due to the Estate from such party have been paid.

## VI.    Disbursing Agent

The Reorganized Debtor, or such Person(s) as the Reorganized Debtor may designate with approval of the Court, will act as disbursing agent under the Plan with respect to all Distributions to holders of Claims and Equity Interests, and will make all distributions required to be distributed under the applicable provisions of the Plan.

## VII.    Unclaimed Distributions

To the extent that a disputed claim is not allowed or becomes an allowed claim in an amount less than the disputed claim amount, the excess of cash and any other consideration in the disputed claims reserve over the amount of cash and any other consideration actually distributed on account of such disputed claim shall vest in the Reorganized Debtor.

## VIII.    Determination of Tax Liability

The Debtor reserves his right to seek determination of any tax liabilities pursuant to 11 U.S.C. §505.

## C.  Treatment of Executory Contracts and Unexpired Leases

The Plan provides that all executory contracts and unexpired leases to which the Debtor is a party will be assumed. To the extent that any executory contract is not assumed, any claims arising thereunder will be deemed unsecured claims pursuant to Class 5, for purposes of treatment and distribution under the Plan. The deadline for filing a proof of claim based on a

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

claim arising from the rejection of a lease or contract will be set by the Court at the Confirmation Hearing. Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.

**NOTICE TO PARTIES OF ALL EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO WHICH THE DEBTOR IS A PARTY: The Plan provides that all executory contracts and unexpired leases to which the Debtor is a party as listed in Exhibit C will be assumed. To the extent that any executory contract is not assumed and assigned, any claims arising thereunder will be deemed unsecured claims pursuant to Class 7, for purposes of treatment and distribution under the Plan.**

### D. Miscellaneous Plan Revisions

In connection with the Plan, the Debtor will comply with all withholding and reporting requirements imposed by federal, state, local, and foreign taxing authorities, and all distributions under the Plan will be subject to the withholding and reporting requirements.

### VIII.   CONFIRMATION REQUIREMENTS AND PROCEDURES

To be confirmable, the Plan must meet the requirements listed in 11 U.S.C. §1129(a) or (b). These include the requirements that: the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a Chapter 7 liquidation case, unless the creditor or equity interest holder would receive in a Chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible. These requirements are not the only requirements listed in §1129, and they are not the only requirements for confirmation.

### A. Voting Procedures

Votes on the Plan will be counted only with respect to Claims and Interests in Impaired Classes: (a) that are listed on the Debtor's Schedules of Assets and Liabilities, other than as disputed, contingent or unliquidated; or (b) that are filed and not the subject of a pending objection. Any vote by a holder of a Claim or Interest shall not be counted if such Claim or Interest has been disallowed or is the subject of an unresolved objection, absent an order of the Bankruptcy Court allowing such claim for voting purposes pursuant to Bankruptcy Code § 502 Code and Federal Rule of Bankruptcy Procedure 3018.

After carefully reviewing this Disclosure Statement, including the attached exhibits, please indicate your acceptance or rejection of the Plan by voting in favor of or against the Plan on the enclosed ballot or ballots.

**TO BE SURE YOUR BALLOT IS COUNTED, IT MUST BE COMPLETELY FILLED IN, SIGNED, AND RECEIVED AT**:

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

**Clerk of the United States Bankruptcy Court**
299 E. Broward Blvd., Room 112
Fort Lauderdale, Florida 33301

with a courtesy copy to:

**VAN HORN LAW GROUP, P.A.**
330 N. Andrews Avenue, Suite 450
Fort Lauderdale, Florida 33301

  If your ballot is not signed and returned as described, it will not be counted. If your ballot is damaged or lost, or if you do not receive a ballot, you may request a replacement by addressing a written request to the Debtor's attorney, Daniel A. Velasquez, Esq., Van Horn Law Group, P.A., 330 N. Andrews Avenue, Suite 450; Fort Lauderdale, Florida, 33301. Please follow the directions contained on the enclosed ballot carefully.

## B. Cramdown

  In the event that any impaired Class of creditors with claims against the Debtor's Estate fails to accept the Plan in accordance with section 1129(a) of the Bankruptcy Code, the Debtor will request the Bankruptcy court to confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code (the "**Cramdown Provisions**") For purposes of seeking confirmation of the Plan under the Cramdown Provisions, the Debtor reserves the right to modify or vary the terms of the Plan or the treatment of the Claims of those Classes that rejected the Plan so as to comply with the requirements of the Cramdown Provisions.

## C. Confirmation Hearing

  The Bankruptcy Court shall schedule the Confirmation Hearing to consider approval of this Disclosure Statement and confirmation of the Plan before the Honorable Raymond B. Ray Judge for the United States Bankruptcy Court for the Southern District of Florida, located at the United States Bankruptcy Court, 299 E. Broward Blvd., Room 301, Fort Lauderdale, Florida 33301.  The Confirmation Hearing may be adjourned from time to time without notice except as given at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing. The Bankruptcy Court shall set forth a deadline to file objections, if any, to the approval of this Disclosure Statement or the confirmation of the Plan.

## D. Effects of Confirmation of the Plan

  Debtor shall receive a discharge upon completion of all payments under the Plan or upon satisfaction of §1141(d)(5)(B), the Reorganized Debtor will be discharged, pursuant to section 1141(d)(1) of the Bankruptcy Code, from all Claims and debts that arose before the Effective Date of this Plan and from any liability of any kind whether or not: (a) a proof of Claim is filed or deemed to be filed under Section 501 of the Bankruptcy Code; (b) such Claim is allowed under section 502 of the Bankruptcy Code; or (c) the holder of such Claim has accepted the Plan. **PURSUANT TO 11 U.S.C. §1141(D)(5), DEBTOR WILL NOT RECEIVE A DISCHARGE**

**UNTIL COMPLETION OF ALL PAYMENTS UNDER THE PLAN.**

On the Effective Date, all persons who have held, hold or may hold Claims against the Debtor, will be enjoined from taking any of the following actions or affecting the Reorganized Debtor, the Debtor's Estate, the assets or properties of the Reorganized Debtor, other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Reorganized Debtor; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree or order against the Reorganized Debtor or the Debtor's Estate or the assets or properties of the Reorganized Debtor or the Debtor's Estate; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Reorganized Debtor or the Debtor's Estate or any direct or indirect successor-in-interest to the Reorganized Debtor, or any assets or properties of any such transferee or successor other than as contemplated by the Plan; (iv) asserting any set off, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Reorganized Debtor or the Debtor's Estate or the assets or property of the Reorganized Debtor, or any direct or indirect transferee of any assets or property of, successor-in-interest to, the Reorganized Debtor; and (v) proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan.

### E. Objections to Confirmation

Any objection to the confirmation of the Plan must be made within the time period set forth on the Order Approving Disclosure Statement and Setting Confirmation Hearing to:

**CLERK OF THE UNITED STATES BANKRUPTCY COURT**
299 E. Broward Blvd., Room 112
Fort Lauderdale, Florida 33301

with copies to:

**VAN HORN LAW GROUP, P.A.**
330 N. Andrews Avenue, Suite 450
Fort Lauderdale, Florida 33301

and

**OFFICE OF THE UNITED STATES TRUSTEE**
51 SW First Avenue Room 1204
Miami, Florida 33130

Objections to confirmation of the Plan are governed by Federal Rule of Bankruptcy Procedure 9014. Unless an objection to confirmation is timely served and filed it may not be considered by the Bankruptcy Court.

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

### F.  Reservation of Rights

The Debtor reserves the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of an Order of Discharge, upon the payment of the initial payments under this Plan, payment of all outstanding quarterly United States Trustee Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with the notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid pursuant to the Plan to Classes 1 through 7 or five (5) years from the Effective Date, whichever is longer, the Debtor shall receive a discharge. **THIS PARAGRAPH ONLY PRESERVES THE DEBTORS' RIGHT TO SEEK THE RELIEF DESCRIBED ABOVE AND DOES NOT CONCLUSIVELY GRANT SUCH RELIEF. CREDITORS' AND INTERESTED PARTIES' RIGHTS TO OBJECT TO SUCH RELIEF SHALL SIMILARLY BE PRESERVED UNTIL SUCH TIME AS IT IS REQUESTED BY THE DEBTOR AFTER CONFIRMATION.**

## IX.    TAX IMPLICATIONS OF THE PLAN

The tax consequences of the implementation of the Plan to a specific creditor will depend on a number of factors, including whether the Creditor's Claim constitutes a "security" for federal income tax purposes, whether a Creditor has already taken a deduction of loss with respect to its Claim, and the timing of any distributions under the Plan. It is possible that certain creditors will recognize gain or income as a result of distributions under the Plan. There also may be state, local or foreign tax considerations applicable to particular holders of Claims, none of which are discussed herein. Each holder of a Claim or any other party in interest in this Case is strongly urged to consult with their tax advisor regarding the federal, state and local income and other tax consequences that the implementation of this Plan may have on them.

The issuance, transfer or exchange of a security or the making or delivery of an instrument of transfer under this Plan, including the execution or recording of any mortgage modification, security agreement and related note, shall be deemed to be free of any tax under any law imposing a stamp or similar tax pursuant to Section 1146(c) of the Bankruptcy Code.

## X.    LIQUIDATION AND FEASIBILIITY ANALYSIS

A Plan proponent must demonstrate as a condition of confirmation, that each impaired Class of Creditors will receive as much as it would receive in a Chapter 7 proceeding. A Plan proponent must also demonstrate that the Plan is "feasible," i.e., that confirmation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtor.

If no plan can be confirmed, the Debtor's Chapter 11 Case may be converted to a case under Chapter 7, in which a trustee would be elected or appointed to liquidate the assets of the Debtor for distribution to his creditors in accordance with the priorities established by the Bankruptcy Code. The Debtor believes that a Chapter 7 liquidation represents an alternative inferior to the Plan in all material respects. The Debtor believes that at this time liquidation under Chapter 7 would result in diminution of the value of his Estate because of additional

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

administrative expenses involved in the appointment of a trustee and attorneys, accountants, and other professionals to assist a trustee.

The Budget demonstrates the Debtor's ability to make all payments required under this Plan. These projections make certain assumptions and take into account Debtor's plans for the future. Accordingly, the Debtor asserts that he is able to perform all of his obligations under the Plan, and as such, the Debtor's Plan satisfies §1129(a)(11) of the Code.

# XI.    MISCELLANEOUS

## A.  Modification

The Debtor reserves the right to revoke or withdraw the Plan in his sole discretion, at any time before the Confirmation Date, or, if for any reason the Plan cannot be consummated after the Confirmation Date, at any time up to and including the Effective Date. If the Plan is revoked and withdrawn, then (a) nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Estate or to prejudice in any manner the rights of any person in any further proceedings in the Chapter 11 Case or otherwise; and, (b) any provision of the Confirmation Order shall be null and void and all such rights of or against the Estate shall exist as though the Plan had not been filed and no actions were taken to effectuate it.

The Debtor may modify the Plan, in his sole discretion, either pre- or post-confirmation in accord with the Bankruptcy Code, or, if for any reason the Plan cannot be consummated after the Confirmation Date, at any time up to and including the Effective Date.

## B.  Confirmation Order Controls

To the extent the Disclosure Statement is inconsistent with the Plan, the Plan shall control. To the extent that the Plan, the Disclosure Statement or any agreement entered into between or among the Debtor and any third party is inconsistent with the Confirmation Order, the Confirmation Order shall control.

## C.  Effectuating Documents and Further Transactions

The Debtor shall be authorized to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements and take such other action as may be necessary to effectuate and further evidence the terms and conditions of the Plan. Debtor's counsel shall have no continuing duties post-confirmation.

## D.  Terms of the Plan are Binding

Pursuant to Section 1141 of the Bankruptcy Code, the Plan and all of its terms, when approved and confirmed by the Bankruptcy Court, shall be binding upon, including, without limitation, the Debtor, the Debtor's Estate, the Reorganized Debtor, all holders of Claims, Allowed or not, and his respective successors and assigns.

If, after the Confirmation Date, any term or provision of this Plan is determined to be

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

unenforceable, the remaining terms and provisions of this Plan shall nonetheless continue in full force and effect.

### E.  Injunction

The Confirmation Order shall act as an injunction to the extent Debtor remain current on his plan payments:

1.      Against the filing, commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing, or any property of any such transferee or success except as specifically authorized in the Plan;

2.      Enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment award, decree or other Order against the Debtor, with respect to any property of any of the foregoing or any of the direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing, or any property of any such transferees or successor, except as specifically authorized in the Plan;

3.      Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any liens or encumbrances against the Debtor, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing, or any property of any such transferee or successor except as specifically authorized in the Plan;

4.      Setting-off, seeking reimbursement or contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Debtor, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing except as specifically authorized in the Plan; or

5.      Proceeding in any manner and any place with regard to liquidating any Claim in any forum other than United States Bankruptcy Court for the Southern District of Florida or, if that Court does not have jurisdiction thereon, in the United States District Court for the Southern District of Florida, or in such forum deemed appropriate by the Debtor.

### XII.      RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT

The Bankruptcy Court shall retain jurisdiction of these proceedings after the Confirmation Date of this Plan until the entry of the final decree pursuant to Bankruptcy Rule 3022 for the following purposes:

A. To hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any are pending, and the allowance of Claims resulting,

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

therefrom;

B.  To determine any and all adversary proceedings, motions, applications and contested matters, and other litigated matters pending on the Confirmation Date;

C.  To hear and determine any objections to or the allowance, classification, priority, compromise, estimation or payments of any Administrative Claims or Claims;

D.  To ensure that Distribution to holders of Allowed Claims are accomplished as provided in the Plan;

E.  To enter and implement such order as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

F.  To issue such orders in aid of execution and consummation of the Plan, to the extent authorized by section 1142 of the Code;

G.  To consider any amendments to or modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in the Plan, the Plan supplement, or any order of the Court, including, without limitation, the Confirmation Order;

H.  To hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331, and 503(b) of the Code;

I.  To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan;

J.  To recover all Assets of the Debtor and Property of the Estate, wherever located;

K.  To determine any Claim of or any liability to a governmental unit that may be asserted as a result of the transactions contemplated herein;

L.  To enforce the Plan, the Confirmation Order and any other order, judgment, injunction or ruling entered or made in the Case, including, without limitation, the discharge, injunction, exculpation and releases provided for in the Plan;

M.  To take any action and issue such order as may be necessary to construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation;

N.  To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505, and 1146 of the Code (including, but not limited to, an expedited determination under section 505(b) of the Code of the tax liability of the Debtor for all taxable periods through the Effective Date for all taxable periods of the Debtor through the liquidation and dissolution of such entity);

**VAN HORN LAW GROUP, P.A.**
**330 N. ANDREWS AVENUE, SUITE 450, FORT LAUDERDALE, FLORIDA 33301**

O.  To hear any other matter not inconsistent with the Code; and

P.  To enter a final decree closing the Case; provided however, that nothing in the Plan shall divest or deprive any other court or agency of any jurisdiction it may have over the Reorganized Debtor under applicable environmental laws.

## XIII.    ALTERNATIVES TO THE PLAN

Although this Disclosure Statement is intended to provide information to assist the holders of Claims in determining whether to vote for or against the Plan, a summary of the alternatives to confirmation of the Plan may be helpful.

If the Plan is not confirmed with respect to the Debtor, the following alternatives are available: (i) confirmation of another Chapter 11 Plan; (ii) conversion of the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; (iii) dismissal of the Chapter 11 Case leaving creditors to pursue available non-bankruptcy remedies. Due to the declining market conditions with regard to the Debtor's real and personal property and the additional delays and administrative costs associated with the appointment of a Chapter 7 Trustee or state court foreclosure, these alternatives to the Plan are very limited and not likely to maximize the value of the assets of this Estate which would reduce the creditors' distribution. Although the Debtor could theoretically file a new plan, the most likely result if the Plan is not confirmed is that the Chapter 11 Case will be converted to a case under Chapter 7 and would result in significant delays in distributions to all creditors who would have received a distribution under the Plan. If the Chapter 11 Case is dismissed, the creditors would be free to pursue non-bankruptcy remedies in their attempts to satisfy claims against the Debtor.

## XIV.    CONCLUSION

The Debtor has analyzed all scenarios and believes that the Plan provides the best option for both the Debtor and his Creditors. Any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses resulting in potentially smaller distributions to the holders of Claims. Accordingly, the Debtor recommend Confirmation of the Plan and urge all holders of Impaired Claims to vote to accept the Plan and to indicate acceptance by returning their Ballots so as to be received by the date set forth on the Order Approving Disclosure Statement and Scheduling Confirmation Hearing.

Dated: February 12, 2016

**Van Horn Law Group, P.A.**
330 N. Andrews Ave., Suite 450
Fort Lauderdale, Florida 33301
(954) 765-3166
(954) 756-7103 (facsimile)
By: */s/ Chad T. Van Horn, Esq.*
Chad T. Van Horn, Esq.
Florida Bar No. 64500
Email: Chad@cvhlawgroup.com

-26-